C-13-11a
(Rev. 11/09)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

```
In Re:                                      )
Morris Lavern Hannah         SS# xxx-xx-1855 )
805 Dowd Street                             )
Durham, NC 27701                            )
                                            )  Case No. B-16-80843 C13D
                                            )
           Debtor(s)                        )
```

**NOTICE OF PROPOSED PLAN AND ORDER CONFIRMING PLAN**
**AND TIME FOR FILING OBJECTION THERETO**

    1.  A summary of the plan proposed by the Debtor(s) is set forth in the attached copy of a proposed Order Confirming Plan in this case.

    2.  The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed.  There will be no hearing on confirmation unless a timely objection is filed.

    3.  Written, detailed objections must be filed within 28 days of the date of this notice with the Clerk of Court, U.S. Bankruptcy Court, Post Office Box 26100, Greensboro, NC, 27420-6100.  With copies served on (1) Richard M. Hutson II, Post Office Box 3613, Durham, NC; (2) the attorney for the Debtor(s); and (3) the Debtor(s).  If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

    4.  In the event a timely objection is filed, a hearing on the objection to confirmation and on confirmation of the proposed plan will be held on February 9, 2017, at 9:30 a.m. in Courtroom, Venable Center, Dibrell Building, 280, 302 East Pettigrew Street, Durham, NC.  The party objecting must appear at this hearing.

    5.  If an objection is filed, the party objecting, the Debtor(s) and the attorney for the Debtor(s) are required to appear at the hearing on confirmation.

    6.  There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.

DATE: December 29, 2016                    Office of the Clerk
                                           Reid Wilcox, Clerk

- 1 -

```
C-13-7a
(Rev. 01/12)
```
                              **UNITED STATES BANKRUPTCY COURT**
                              **MIDDLE DISTRICT OF NORTH CAROLINA**
                                       **DURHAM DIVISION**

```
In Re:                                    )      ORDER CONFIRMING PLAN
Morris Lavern Hannah    SS# xxx-xx-1855   )            CHAPTER 13
805 Dowd Street                           )
Durham, NC 27701                          )
                                          )
                                          )  Case No. B-16-80843 C13D
                                          )
             Debtor(s)                    )
```

      This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

**I.**    The Trustee in this case is <u>Richard M. Hutson II</u>, Standing Trustee, <u>Post Office Box 3613, Durham, North Carolina 27702</u>;

**II.**   The attorney for the Debtor(s) is <u>**John T. Orcutt**</u>;

**III.**  Under the final plan (the "Plan") as proposed:

    **A.**  **Plan Payments**

        1.  The Debtor(s) is/are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

        2.  The monthly plan payment to the Trustee is **$183.00** beginning **10/28/2016** then **$294.00** beginning **1/2017**;

    **B.**  **Administrative Costs**

        **1.**  **Attorney Fees.** The Attorney for the Debtor(s) is allowed the base fee of **$4,500.00**. The Attorney has received **$0.00** from the Debtor(s) pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

        **2.**  **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

    **C.**  **Priority Claims**

      Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

        **1.**  **Internal Revenue Service**
        **2.**  **North Carolina Department of Revenue**
        **3.**  **Durham County Tax Collector**

mlw

D.  Secured Claims

1.  Secured Claims To Be Paid In Full – Personal Property

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| State Employees' Credit Union 2005 Jeep t/e 7/25/13 1st Lien | Y | $4,206.36 | $165.50 | 5.50% | $45.00 |

State Employees' Credit Union ("the creditor") shall receive adequate protection payments in the amount of $45.00 per month for ten (10) months from confirmation, after which point the Chapter 13 Trustee shall commence equal monthly payments in the amount of $165.50, until such time as the claim is satisfied.  Pursuant to 11 U.S.C. §1325(a)(5)(B)(i), the creditor shall retain its lien against the automobile until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the Debtor's discharge pursuant to 11 U.S.C. §1328.

2.  Property To Be Released.

*Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 120 days from the date of entry of this Order to file a documented deficiency claim after liquidating the property.  The automatic and co-debtor stay, if applicable, are lifted as to the property released.  The requirements of Rule 3002.1 are terminated.*

| Creditor | Property to be Released | Claim filed (Y/N) |
|---|---|---|
| **United Consumer** | Vacuum (consumer goods) | N |

E.  General Unsecured Claims Not Separately Classified.

General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration.  The estimated dividend to general unsecured claims is 0%.

F.  Special Provisions

STATE EMPLOYEES CREDIT UNION ("SECU") (Court Claim No. 4)
SECU has filed a claim in the amount of $502.85 secured by a share account having a balance of $265.88. The automatic stay is hereby modified pursuant to 11 U.S.C. §362 to permit SECU to apply the share account securing the claim as a setoff in accordance with 11 U.S.C. §553, leaving an allowed unsecured claim in the amount of $236.97.

STATE EMPLOYEES' CREDIT UNION ("SECU")(Court Claim No.5)
SECU has filed a claim in the amount of $9,044.54 secured by cross-collateralization of the Debtor's 2005 Jeep ("the automobile").  The Debtor has valued the automobile at $7,335.00, which is more than the first lien in favor of SECU in the amount of $4,206.36; therefore, the cross-collateral claim of SECU shall be allowed as partially secured in the amount of $3,128.64 with interest at the rate of 5.50% per annum payable in monthly installments of $67.71, with the balance allowed as unsecured in the amount of $5,915.90.  SECU shall have 60 days from the date of the entry of this Order within which to file an objection to valuation of the automobile, and in the event that a different value is subsequently found for the automobile, the plan may be modified to account for said change.

- 3 -

      **ONEMAIN (Court Claim No. 6)**
      **OneMain has filed a claim in the amount of $7,364.78 secured by a second lien on the Debtor's 2005 Jeep ("the automobile"). The Debtor contends that the value of the automobile is not greater than the amount of the secured claim and cross-collateral claim of State Employees' Credit Union. The claim of OneMain representing a second lien on the automobile shall be paid as unsecured. Upon successful completion of this plan, said lien is canceled. Any objection to the value is required to be filed as a formal objection to valuation not later than 60 days from the date of the entry of this Order.**

**G.**    The Debtor(s) will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, **OR** a **minimum** of **36** monthly plan payments, with the plan to be reviewed in six (6) months and periodically thereafter for plan payment adjustments;

**H.**    The terms and provisions of the Standing Order dated **March 11, 2016**, are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov.**

**I.**    **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

**ORDERED** that the Plan is confirmed.

END OF DOCUMENT